# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 |
| Elpida Memory, Inc., | ) Case No. 12-10947 (CSS) |
| Debtor in a Foreign Proceeding. | ) Re: Docket No. 163 |
| | ) Obj. Deadline: October 12, 2012 at 4:00 p.m. (EDT) |
| | ) Hearing Date: October 24, 2012 at 2:00 p.m. (EDT) |

### FOREIGN REPRESENTATIVES' MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 FOR AUTHORITY TO REDACT (A) FOREIGN REPRESENTATIVES' MOTION TO APPROVE SALE OF CERTAIN PATENTS TO RAMBUS INC. AND (B) "EXHIBIT A" THERETO

Mr. Yukio Sakamoto and Mr. Nobuaki Kobayashi, as foreign representatives (the "Foreign Representatives") of Elpida Memory, Inc. ("Elpida"), a Japanese company that is the subject of reorganization proceedings under Japanese law currently pending before the Tokyo District Court, Eighth Civil Division (the "Japan Proceeding"), hereby submit this motion (the "Motion") for authority to redact the *Foreign Representatives' Motion to Approve Sale of Certain Patents to Rambus Inc.* [Docket No. 163] (the "Rambus Motion")[1] as well as Exhibit A thereto (the "PPA"), and file an unredacted version of the Rambus Motion and the PPA under seal. In support of this Motion, the Foreign Representatives respectfully represent as follows:

### Background

1. Elpida is a corporation organized and existing under the laws of Japan. It is a leading manufacturer of dynamic random access memory integrated circuits, which are used to store data in many devices, including personal computers, servers, mobile devices, and digital

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rambus Motion.

RLF1 7236720v.4

consumer electronics. Its principal office is located at 2-1, Yaesu 2-chome, Chuo-ku, Tokyo 104-0028, Japan.

2. On February 27, 2012, Elpida filed a petition for commencement of corporation reorganization proceedings under the Japan Corporate Reorganization Act (*Kaisha Kosei Ho*) (the "JCRA") in Tokyo District Court, Eighth Civil Division (the "Tokyo Court").

3. On March 14, 2012, the Tokyo Court-appointed supervisor of the Japan Proceeding, pursuant to the general powers conferred upon him under the JCRA and by order of the Tokyo Court, issued a consent empowering Mr. Yukio Sakamoto, Elpida's President and Chief Executive Officer and a member of its Board of Directors, to file this chapter 15 case as the foreign representative of Elpida.

4. On March 19, 2012, Mr. Sakamoto filed a verified petition pursuant to sections 1504 and 1515 of the Bankruptcy Code, commencing this chapter 15 case. On April 24, 2012, the Court entered its *Order Pursuant to 11 U.S.C. §§ 105, 1504, 1515, 1517, 1520, and 1521 Recognizing Foreign Representatives and Foreign Main Proceeding* (the "Recognition Order") [Docket No. 65]. Pursuant to the Recognition Order, the Foreign Representatives are authorized to administer Elpida's assets and affairs in the United States.

5. Contemporaneously herewith, the Foreign Representatives filed the Rambus Motion, by which the Foreign Representatives are seeking approval of a patent purchase agreement between Elpida and Rambus Inc. ("Rambus"), which was approved by the Tokyo Court on August 10, 2012. As more fully described in the Rambus Motion, the PPA, generally, provides for the sale of certain Elpida patents to Rambus, some of which are registered in the United States. Both the Rambus Motion and the PPA have been redacted to protect sensitive commercial information, the disclosure of which could cause Elpida and

Rambus substantial competitive harm. An unredacted copy of the Rambus Motion, with an unredacted copy of the PPA attached thereto as Exhibit A, is attached hereto as <u>Exhibit A</u>.

## Jurisdiction and Venue

6. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7. By this Motion, the Foreign Representatives request an order pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, substantially in the form attached hereto as <u>Exhibit B</u>, authorizing the Foreign Representatives to publicly file redacted versions of the Rambus Motion and the PPA, and to file under seal unredacted versions of the Rambus Motion and the PPA.

## Basis for Relief Requested

8. The Court may authorize the Foreign Representatives to file redacted versions of the Rambus Motion and the PPA pursuant to section 107(b) of the Bankruptcy Code. Section 107(b) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

RLF1 7236720v.4

9. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a redacted document under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information….

Fed. R. Bankr. P. 9018.

10. Once the Court determines that an interested party is seeking protection of information that falls within one of the categories enumerated in section 107(b) of Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994). See also In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts in this district have defined commercial information as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting Orion Pictures Corp.).

11. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. See Orion Pictures Corp., 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

RLF1 7236720v.4

12. Sufficient cause exists here for the Court to grant the relief requested. As noted above, certain information in the Rambus Motion and the PPA is highly confidential and commercially sensitive, the disclosure of which could result in substantial competitive harm. The PPA deals with the transfer of technology patents, and disclosure of the specific patents being transferred and certain other information regarding the patents or the parties' commercial practices could inform Elpida's or Rambus' competitors of the composition of the companies' patent portfolios or Elpida's or Rambus' commercial practices, which would be harmful to both Elpida and Rambus. Accordingly, the Foreign Representatives have redacted such commercially sensitive information from the publicly filed versions of both the Rambus Motion and the PPA. If the redacted information were to be made publicly available, it would provide information regarding Elpida's business plans to competitors, which would enable such competitors to gain an unfair advantage to the detriment of Elpida and its creditors. For these reasons, the Foreign Representatives respectfully request the Court to permit them to publicly file a redacted version of the Rambus Motion and the PPA – redacted to protect only that information that is of a commercially sensitive nature - and to file an unredacted version of the Rambus Motion and PPA under seal.

13. The Foreign Representatives will provide a copy of the unredacted Rambus Motion and PPA to (i) the Office of the United States Trustee for the District of Delaware, and (ii) United States counsel to the Steering Committee for the Ad Hoc Group Bondholders of Elpida (the "<u>Bondholders</u>"), subject to the terms of the existing non-disclosure agreement between the Foreign Representatives and the Bondholders.

RLF1 7236720v.4

**Notice**

14.    Notice of this Motion has been given via first-class United States mail to (i) the United States Trustee for the District of Delaware, (ii) United States counsel to the Bondholders, (iii) United States counsel to Rambus, and (iv) all parties entitled who have requested notice pursuant to Bankruptcy Rule 2002. The Foreign Representatives submit that no other or further notice need be given in light of the circumstances of this chapter 15 case.

**No Previous Request**

15.    No previous request for the relief sought herein has been made by the Foreign Representatives to this or any other court.

[SIGNATURE PAGE FOLLOWS]

WHEREFORE, the Foreign Representatives respectfully request an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) authorizing the filing of redacted versions of the Rambus Motion and the PPA, (ii) authorizing the filing of unredacted versions of the Rambus Motion and the PPA under seal, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 28, 2012  **RICHARDS, LAYTON & FINGER, P.A.**
Wilmington, Delaware

By: */s/ Lee E. Kaufman*
Mark D. Collins (No. 2981)
Lee E. Kaufman (No. 4877)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

**DAVIS POLK & WARDWELL LLP**

Timothy Graulich (admitted *pro hac vice*)
James I. McClammy (admitted *pro hac vice*)
Giorgio Bovenzi (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Theodore A. Paradise (admitted *pro hac vice*)
Izumi Garden Tower 33F
1-6-1 Roppongi
Minato-ku
Tokyo 106-6033, Japan
Telephone: +813 5561 4421
Facsimile: +813 5561 4425

*Attorneys for Foreign Representatives*